UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUNE WILLIAMS,           :     NO.  1:05-CV-00001
                                :
         Plaintiff,        :
                                :
      v.                    :    **OPINION AND ORDER**
                                :
CARI M. DOMINGUEZ, et al.,   :
                                :
         Defendants.       :

This matter is before the Court on the Motion to Dismiss of Defendants Merit Systems Protection Board, Neil A. G. McPhie, and Ramon Gomez (doc. 8), Plaintiff's Response in Opposition (doc. 10), and Defendants' Reply (doc. 11).

**I. Background**

Plaintiff filed her ten-Count Complaint on January 3, 2005, naming as Defendants Cari Dominguez, Chairperson of the Equal Employment Opportunity Commission ("EEOC"); EEOC employees Michael Fetzer, Wilma Javey, C. Larry Watson, Eugenia Mayfield, Deborah Curtis and Charles Guerrier; the EEOC; Neil A. G. Mcphie, Acting Chairperson of the Merit Systems Protection Board ("MSPB"); Ramon Gomez, Administrative Judge of the MSPB; the MSPB; and John and Jane Does (doc. 2).

Plaintiff's claims stem from Defendant Equal Employment Opportunity Commission's ("EEOC") alleged actions leading up to the April 8, 2003 termination of her employment as a civil service Trial Attorney in the EEOC's Cincinnati Area Office (Id.).

Defendants contend Plaintiff was removed for unacceptable job performance (doc. 8). In contrast, Plaintiff contends Defendants removed her for discriminatory reasons and in retaliation for her whistleblower activity (doc. 2).

In Count One of her Complaint, Plaintiff alleges the Defendant EEOC, as well as each of the individually named Defendants, discriminated and harassed her based on her African-American race, in violation of 42 U.S.C. § 1981 (Id.). Plaintiff alleges in Count Two that Defendants Watson and Mayfield violated her First Amendment rights to practice her Episcopalian religion, in Count Three that she was denied due process by Defendants Fetzer and Gomez, and in the unnumbered allegation nestled between Counts Three and Four, that Defendants Watson and Fetzer violated Title VII in discriminating against her on the basis of gender, race, and religion (Id.). In Count Four, Plaintiff alleges that Defendants failed to accommodate her disabilities of carpal tunnel syndrome and back problems, and in Count Five, that she was excluded from meetings and harassed for attempting to develop litigation under the Americans with Disabilities Act (Id.). In Count Six, Plaintiff alleges that she was retaliated against for reporting incidents of discrimination to Agency headquarters; in Count Seven, that her appeal to the MSPB was handled summarily due to her "whistleblower" activity; and in Count Eight, that she was denied equal pay to that of a male attorney (Id.). In Count Nine, Plaintiff alleges that

the individually named Defendants conspired to deprive her of equal protection of the law, in violation of 42 U.S.C. § 1985 (Id.). Finally, in Count Ten, Plaintiff alleges she was required to work overtime, without pay, in contravention of the Fair Labor Standards Act (Id.).

## II. Procedural History

Plaintiff initially appealed her removal from her position with the EEOC to the MSPB (doc. 8). Her appeal was assigned to Defendant Ramon Gomez, an Administrative Judge in the MSPB's Atlanta Regional Office (Id.). Shortly before a scheduled hearing on August 20, 2003, Ms. Williams' then-attorney withdrew as her representative (Id.). Defendant Gomez dismissed her appeal without prejudice, so as to allow her to obtain new legal representation (Id.).

Ms. Williams subsequently filed a petition for review with the full Board challenging her dismissal (Id.). The Board denied the petition and forwarded the case to the regional office for adjudication (Id.). Ms. Williams appealed the Board's decision to the U.S. Court of Appeals for the Federal Circuit where the Court dismissed her appeal for failure to prosecute because she failed to file the required Statement Concerning Discrimination (Id.). In October 2004, Judge Gomez affirmed the EEOC's removal action and rejected Ms. Williams' claims of discrimination, harassment, retaliation, and her affirmative defense of

3

whistleblowing (Id.).  Judge Gomez's initial decision became the final decision of the Board on November 24, 2004 (Id.).

On December 17, 2004, Plaintiff timely filed her Complaint in this Court (doc. 2).  Subsequently, on May 13, 2005, Defendants MSPB, Neil A. G. McPhie, and Ramon Gomez filed the instant Motion to Dismiss, arguing this Court lacks subject matter jurisdiction, and Plaintiff fails to state a claim upon which relief may be granted (doc. 8).  Plaintiff responded,(doc. 10), Defendants replied,(doc. 11), and this matter is now ripe for the Court's consideration.

### III.  The Motion to Dismiss Standard

Defendants' Motion is governed by Fed. R. Civ. P 12(b)(1) and 12(b)(6).  A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction attacks a plaintiff's cause of action in one of two ways: facially or factually. Fed. R. Civ. P. 12(b)(1); United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack challenges the sufficiency of the complaint itself.  A federal court has a limited task when it reviews the sufficiency of a complaint, before the reception of any evidence. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  On such an attack, the court must take all material allegations in the complaint as true and construe them in a light most favorable to the non-moving party. Ritchie, 15 F.3d at 598 (citing Scheuer, 416 U.S. 235-37). In contrast, a factual attack challenges the factual existence of

4

subject matter jurisdiction.  When deciding a factual attack the district court must weigh the conflicting evidence "to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." Ohio Nat. Life Ins. Co. V. U.S., 922 F.2d 320, 325 (6th Cir. 1990).  The court reviewing such a motion need not presume that the factual allegations set forth in the complaint are true. Id.  Instead, the court has wide discretion to weigh any evidence properly before it.  See Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990); Rogers v. Stratton Indus., Inc., 798 F.2d 913, 918 (6th Cir. 1986).  In the instant matter, Defendants challenge the factual existence of subject matter jurisdiction under Rule 12(b)(1), and the Court may weigh any evidence properly before it.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to determine whether a cognizable claim has been pleaded in the complaint.  The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976).  In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Rule 8(a)(2) operates to provide the defendant with "fair notice of what plaintiff's claim is and the

grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957).  A court examines a complaint in light of the objectives of Rule 8 using the standard articulated in <u>Jones v. Sherrill</u>, 827 F.2d 1102, 1103 (6th Cir. 1987):

> In reviewing a dismissal under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint. <u>Windsor v. The Tennessean</u>, 719 F.2d 155, 158 (6th Cir. 1983), <u>cert. denied</u>, 469 U.S. 826 (1984).  The motion to dismiss must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. <u>Id</u>. at 158; <u>Conley v. Gibson</u>, 355 U.S. 41 (1957).

<u>Jones</u>, 824 F.2d at 1103.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions.  Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969).  "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1106 (7th Cir. 1984), <u>quoting</u> <u>In Re: Plywood Antitrust Litigation</u>, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969).  The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high

6

> standard; we recognize the policies behind Rule 8 and the concept of notice pleading.  A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim.  But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

## IV.  Discussion

In their Motion to Dismiss Defendants argue the only proper party Defendant in this action is the head of the employing agency, EEOC Chair Cari Dominguez (doc. 8).  Defendants argue that because Plaintiff raised civil rights violations before the MSPB, she is entitled to review of the MSPB decision in a civil action under 42 U.S.C. § 2000e-16(c)(Id.).  This statute, argue Defendants, only permits the head of the department to be named Defendant (Id. citing Mulhall v. Ashcroft, 287 F.3d 543, 550 (6th Cir. 2002), Ballard v. Tennessee Valley Authority, 768 F.2d 756, 764 n.23 (6th Cir. 1985)).

Plaintiff responds that the Defendants incorrectly attempt to disregard her various claims by ignoring issues she raises that are much broader in scope than an employment discrimination suit (doc. 10).  Plaintiff argues 42 U.S.C. §2000e is inapplicable to her claims alleging specific illegal and intentional conduct (Id.).  Plaintiff Williams argues that Defendants' citation to Mulhall, 298 F.3d 543, is not on point, as

such case pertained to the suing of subunits of cabinet-level departments, and this case involves no subunits (Id.)  Similarly, Plaintiff argues Defendants incorrectly cite to Ballard, 768 F.2d 756, because in that case, plaintiff asserted no claims of intentional misconduct by MSPB (Id.).  For these reasons, Plaintiff argues the Court should not dismiss her action against Defendants MSPB, McPhie, and Gomez (Id.).

Defendants reply that to the extent that 42 U.S.C. §2000e-16(c) is inapplicable to some of the Plaintiff's claims, Plaintiff's remedies are encompassed by the Civil Service Reform Act of 1978 ("CSRA"), Pub. L. No. 95-454, 92 Stat. 1111, which they argue divests federal courts of jurisdiction under United States v. Fausto, 484 U.S. 439, 443-55 (1988)(doc. 11).  As for Plaintiff's claims against the MSPB, Defendants argue such claims are grounded in her discontent with the MSPB's final decision in her employment case, and no actions against administrative review bodies are authorized by Section 2000e-16(c) under McCottrell v. Equal Employment Opportunity Commission, 726 F.2d 350, 351 (7th Cir. 1984)(Id.).

Because this case is a "mixed case" appeal from a decision of the MSPB this Court has jurisdiction to hear the claims raised.  29 C.F.R. §1614.302(a)(2)(A mixed case complaint "is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age or

handicap related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)), Nater v. Riley, 114 F.Supp.2d 17 (D. Puerto Rico 2000), and Parola v. IRS, 1999 WL 1215557 (E.D. N.Y. Dec. 15, 1999). Plaintiff's mixed case in this instance is comprised of her various discrimination and retaliation claims, her whistleblower claims, her conspiracy claims, her claims of denial of due process, as well as her appeal of her discharge.

Defendants are correct that as for Plaintiff's Title VII discrimination claims, such claims are all governed by 42 U.S.C. § 2000e-16, which directs that only a head of a department, agency, or unit can be named as a Defendant. However, Plaintiff's claims go beyond discrimination, and also encompass allegations of conspiracy and retaliation for whistleblowing. Under these circumstances, the Court does not find it appropriate to dismiss the named Defendants on the basis of Section 2000e-16, when claims not necessarily encompassed by that section are involved.

Defendants misread the precedent of United States v. Fausto, 484 U.S. 439 (1988), which they argue divests the Court of jurisdiction over Plaintiff's claims of harm due to illegal conduct by government officials. In Fausto, the Plaintiff sought to obtain back pay accumulated during an allegedly unwarranted suspension. 484 U.S. 439, 440. The Court, examining the text of the portion of the CSRA relevant to the plaintiff's claim, found that Congress intended the CSRA to foreclose all review of the challenged

9

personnel action.  <u>Id</u>. at 468.

As articulated by the Sixth Circuit in <u>Ryon v. O'Neill</u>, the CSRA establishes two sets of procedures for review of agency actions, depending on the severity of the action.  894 F.2d 199, 202-203 (6th Cir. 1990).  When an action is severe, like termination, it is classified as "adverse," where more benign actions are categorized as "personnel actions" <u>Id</u>.  The text of the CSRA does not provide for judicial review of personnel actions, like an apppeal for back pay, as in <u>Fausto</u>.  However, where more serious adverse actions are involved, the CSRA provides the right to judicial review.  <u>Id</u>. at 203, 5 U.S.C. § 7703(b)(2).  This is a case involving an adverse employment action, and therefore <u>Fausto</u>, 484 U.S. 439, does not apply.

Similarly, the Court finds over-expansive Defendants' reading of <u>McCottrell</u>, 726 F.2d 350, 351 (7th Cir. 1984), as it stands for the proposition that no cause of action can lie against the EEOC for its investigation or processing of a charge.  The Court is not persuaded that the principles articulated in <u>McCottrell</u>, standing alone, would bar an action against the MSPB where well pleaded allegations of conspiracy or retaliation for whistleblowing are advanced.

The question in this case, however, is whether Plaintiff's allegations against the MSPB and its agents are well-pleaded.  Having reviewed this matter, the Court finds they are

10

not.  Plaintiff's allegations as to Defendants MSPB, Neil McPhie, and Ramon Gomez, merit dismissal because they are merely conclusory, and moreover, Plaintiff's underlying claims challenging her termination are unaffected by such dismissal.  <u>Sharp, Jr. v. Ingham County</u>, 23 Fed Appx 496, 498 (6th Cir. 2001) ("The Court is not bound to accept as true unwarranted factual inferences or legal conclusions unsupported by well-pleaded facts")(citing  <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987), and <u>Teagardener v. Republic-Franklin Inc. Pension Plan</u>, 909 F.2d 947, 950 (6th Cir. 1990)), <u>Drinkard v. Drinkard</u>, 904 F.2d 706 (6th Cir. 1990)("Mere conclusory allegations are not enough to state a claim; there must be some factual basis for the claim"), <u>Cox v. Transunion, Inc.</u>, No. 03-4160-JAR, 2003 U.S. Dist. LEXIS 17278 at *4 (D. Kan. Sept. 26, 2003)("In reviewing a motion to dismiss under Rule 12(b)(6), a court need not accept the plaintiff's conclusory allegations as being true, since conclusory allegations are not well pleaded facts").

The Court finds persuasive Defendants' argument that Plaintiff has sued the MSPB, the Chairman of the MSPB, and the MSPB administrative judge because she disagrees with the MSPB's final decision in her case.  Although Plaintiff argues that this case is about much more, having reviewed the Complaint and the MSPB's written decision, the Court does not find such argument well-taken. This is an employment discrimination suit, and Plaintiff is seeking

11

review of the final MSPB decision, and reinstatement to her former job. Plaintiff's argument that she has alleged "specific illegal and intentional conduct" appears to refer to her claims that Defendant Gomez denied her due process, that her claim of retaliation for whistleblower activity received summary treatment, and that Defendants McPhie and Gomez conspired to deprive her of her rights in the post-removal process. Plaintiff further claims these individual Defendants, "[k]nowing their obligations. . . refused to apply the procedures governing termination from federal service in an impartial manner." However, Plaintiff offers no facts to support such claims beyond her dissatisfaction with the MSPB's outcome on her case. She brings bare assertions that these Defendants conspired against her and retaliated against her for whistleblower activity.[1] Indeed, Plaintiff had notice and an opportunity to be heard, in conformity with the provisions of the Civil Service Reform Act, which satisfies due process under the Constitution. Borkins v. U.S. Postal Service, et al., No. 93-CV-70373-DT, 1994 U.S. Dist. LEXIS 10422, *4 (E.D. Mich. February 2, 1996). Furthermore, the Court's decision to dismiss these

---

[1] Plaintiff alleges the MSPB Defendants violated the Whistleblower Act of 1989. In order to plead such a violation, Plaintiff must allege 1) she engaged in a protected activity, 2) the accused official knew of the protected activity, 3) the adverse action under review, could, under the circumstances, have been retaliation, and 4) there was a genuine nexus between the retaliation and the adverse action. Webster v. Dept. of Army, 911 F.2d 679 (Fed. Cir. 1990), Mazaleski v. Martin, No. 91-0948, 1992 U.S. Dist. LEXIS 1654 at *7-*8 (D.D.C. February 18, 1992).

Defendants in no way prejudices Plaintiff's challenge to her dismissal.  If the MSPB Defendants gave Plaintiff "summary treatment" of her claims or failed to treat her impartially, such treatment will be reflected in the decision and reasoning of the MSPB, which the Court can review without unnecessarily holding the adjudicatory body and its agents as Defendants.

**V. Conclusion**

The Court does not find it appropriate to dismiss Plaintiff's claims against Defendants MSPB, Neil A.G. McPhie, and Ramon Gomez based on Defendants' arguments pursuant to Fed. R. Civ. P 12(b)(1).  However, as Plaintiff's allegations against these Defendants are merely bare assertions, Plaintiff fails to state a claim.  Fed. R. Civ. P. 12(b)(6).

Accordingly, the Court GRANTS the Motion to Dismiss of Defendants Merit Systems Protection Board, Neil A. G. McPhie, and Ramon Gomez (doc. 8).  Plaintiff's claims against the EEOC and the remaining Defendants in this case, and her appeal of the decision to terminate her, none of which were addressed in the present motion, are unaffected by this ruling.


SO ORDERED.


Dated: November 3, 2005          s/S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge