UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

June R. Williams,
    Plaintiff

Case No. 1:05-cv-001

vs

Cari M. Dominguez, et al.,
    Defendants

**REPORT AND RECOMMENDATION**
(Weber, J.; Hogan, M.J.)

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 46). To date, Plaintiff has failed to file a response to Defendants' motion. For the reasons that follow, the Court recommends that Plaintiff's case be dismissed with prejudice.

Plaintiff filed the instant action on January 3, 2005. In May 2006, Plaintiff refused, through her counsel, to be deposed in Cincinnati. During a telephone conference with Magistrate Judge Hogan on May 24, 2006, Plaintiff's attorney was orally ordered to present Plaintiff for a deposition in Cincinnati. Plaintiff denies that she was so ordered. On June 23, 2006, Plaintiff's attorney moved to withdraw from the case citing "irreconcilable differences" with Plaintiff. (Doc. 29). Defendants did not oppose the motion. Following a conference with the District Court on September 21, 2006, Plaintiff was given additional time to seek counsel and the time for discovery was extended. (*See* Doc. 35). Thereafter, on January 4, 2007, Defendants filed with the Court a Notice to take Deposition of Plaintiff June R. Williams in Cincinnati, Ohio at the United States Attorney's Office on January 25, 2007 at 9:00 a.m. (Doc. 39). Defendants' counsel sent that Notice to Plaintiff at her address of record by Federal Express overnight delivery. (Doc. 40, Ex. 2). Exhibit 3 attached is the Federal Express printout of a computer

tracking of the same tracking number, 851251141734, which indicates that the Notice was delivered to the proper address set forth in the Certificate of Service and the Federal Express US Air bill (Ex. 2). (Id. at Ex. 3). That delivery occurred on January 5, 2007 at 11:45 a.m. and it was delivered to the receptionist/front desk, S. Miebs, who signed as "Susie." Plaintiff did not appear for her deposition, nor did she advise counsel that she would not be able to appear. Defendants, therefore filed a Motion to Dismiss based on Plaintiff's failure to appear.

On March 8, 2007, Plaintiff filed a Motion for Enlargement of Time seeking an extension of time to respond to Defendants' Motion to Dismiss. (Doc. 41). Plaintiff's request was based on medical complications related to her disability. Plaintiff also urged that any request to appear in Cincinnati, the forum in which she chose to file her Complaint, would be unreasonable because it would entitle Defendants to "cause physical torture" and "to demand the impossible." (Doc 41, at 5).

Because it appeared that the Court had inadvertently neglected to file an Order memorializing the informal discovery conference held on May 24, 2006, and the Court's directive on that date was disputed by Plaintiff, the Court denied Defendants' Motion to Dismiss and afforded Plaintiff one last chance at compliance. Thus, on May 23, 2007, the Court ordered Plaintiff to appear, in Cincinnati, for any properly noticed [1] deposition by Defendants. (Doc. 43). Plaintiff was further advised that failure to comply with the Court's Order could result in a

---

[1] Plaintiff argued that Defendants' Notice to Take Deposition was not compliant with Fed. R. Civ. P. 30(b). Aside from the stating that the deposition would "continue from day to day until completed," Defendants' Notice is in compliance with Rule 30. Pursuant to Rule 30(d), Plaintiff's deposition may not exceed "one day of seven hours" unless otherwise authorized by the Court or stipulated to by the parties. Fed. R. Civ. P. 30(d)(2). However, pursuant to Fed. R. Civ. P. 30(b)(1), Defendants are not required to consult Plaintiff to gain her agreement as to the location of the deposition.

2

recommendation to the District Court that her Complaint be dismissed with prejudice. (Id.). To date, Plaintiff has neither complied with the Court's order nor responded to Defendants' renewed Motion to Dismiss.

On May 23, 2007, Defendants again filed a Notice to Take Deposition of Plaintiff June R. Williams in Cincinnati, Ohio at the United States Attorney's Office on June 20, 2007 at 9:00 a.m. (*See* Docs. 44, 45). The Notice was sent by Federal Express to Plaintiff at the most current address available and to her last known e-mail address on May 23, 2007. (*See* Exhibits 1, 2, attached).

On June 19, 2007 on 12:24 a.m., Plaintiff sent an e-mail to Defendants' counsel, stating: "You are notified that the deposition unilaterally noticed for June 20th is a date in conflict and manner challenged previously." ( *See* Exhibit 3, attached. ). No further explanation was offered and no attempt was made by Plaintiff to change the date.

Plaintiff's actions in this matter show a clear lack of interest in prosecuting her case. Plaintiff's failure to prosecute this matter warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b). *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have this power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan*, 951 F.2d at 109. A dismissal pursuant to Rule 41(b) may be with prejudice if the party receives notice and the trial court finds bad faith or contumacious conduct. *Knoll v. AT & T Co.*, 176 F.3d 359, 363-64 (6th Cir. 1999). Where, as here, Plaintiff refuses to participate in the discovery process, continues to defy the Court's orders to appear for

3

deposition in Cincinnati[2], and fails to respond to Court orders as well as Defendants' pending Motion to Dismiss, a finding that Plaintiff has engaged in contumacious conduct is warranted. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Accordingly, dismissal of this action with prejudice is appropriate.

**IT IS THEREFORE RECOMMENDED THAT** Defendants' Motion to Dismiss (Doc. 46) be **GRANTED**, Plaintiff's case be **DISMISSED** with prejudice for lack of prosecution and this matter be **TERMINATED** on the docket of the Court.

Date: 9/19/07

Timothy S. Hogan
United States Magistrate Judge

---

[2] As Defendants aptly point out, Plaintiff, an attorney, is presumably is aware of the procedure for opposing a deposition notice. Thus, her failure to cooperate in the discovery process in this instance is especially egregious.

4

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\SMITHLE\MTNDISM\dominguez.failpros

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>June R Williams<br>1947 N. Gessner Rd.<br>#176<br>Houston, TX 77080 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1409 7295 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-01-M-2509 |

1:05cv1 Doc. 49